UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT SIZEMORE, | ) | CASE NO. 5:06 CV 2926 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STEVE PREDOJEV, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 6, 2006, plaintiff pro se Robert Sizemore filed this action under Title II of the Americans With Disabilities Act, 42 U.S.C. § 12101 ("ADA"), the Civil Rights of Institutionalized Persons Act (CRIPA) 42 U.S.C. § 1997, and 42 U.S.C. § 1983, against Alcohol and Drug Counselor Steve Predojev, Oriana House Attorney Mary H. Jones, John or Jane Doe employees of Oriana House, John or Jane Doe Supervisors at Oriana House, John or Jane Doe Owners of Oriana House, and "any and all other unknown acting agents, acting for or on behalf of above said unknown owners acting in conjunction with them in anyway thereof... ." (Compl. at 1.) In the complaint, plaintiff alleges he was harassed by staff members of the Oriana House. He seeks monetary damages. Mr. Sizemore also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## Background

Mr. Sizemore was released from incarceration in 2006. As a condition of his release, he was required to attend an in-patient drug and alcohol treatment program. Mr. Sizemore contends that Oriana House was selected because of his "special needs." (Compl. at 5.) He indicates that he suffered a head injury in a motor vehicle accident. He contends that the injury makes him more vulnerable to harassment.

Mr. Sizemore claims that during his stay at Oriana House, "Unit Staff Counselor Steve Predojev and other John Doe and Jane Doe defendants were invading the privacy of the plaintiff's family by publishing highly private facts about the plaintiff's family, without right, privilege, or permission." (Compl. at 5.) He contends:

> knowing plaintiff's extant [sic] unstable mental condition compounded by the plaintiff's need for alcohol and drug treatment the defendants elected to inflict mental anguish and distress upon the plaintiff through concerted course of intimidation or harassment and the encouragement of others at the treatment facility to follow suit. This involved the exploitation of plaintiff, filing of false conduct reports imposition of sanctions uttering threats.

(Compl. at 6.) He further alleges Oriana House staff filed false conduct reports, gave him "retaliatory job assignments," and "retaliatory drug and alcohol testing without the licensing to do so" after he requested records from Oriana House. (Compl. at 10.) He alleges that these actions had the effect of excluding him from treatment. Mr. Sizemore states that he decided to leave Oriana House thirty-two days before completion of the program mandated by his probation. As a result of his departure, Mr. Sizemore was charged with escape. He does not indicate the status of that charge. He claims the defendants violated the ADA and subjected him to cruel and unusual punishment in violation of the First, Fifth, Eighth, and Fourteenth Amendments.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a cause of action under 28 U.S.C. §1915(e) in an in forma pauperis case if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

### Americas with Disabilities Act

Under the ADA, "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. An individual is disabled for the purposes of the ADA if he has "a physical or mental impairment that substantially limits one or more major life activities of the individual; [has] a record of such impairment; or [is] regarded as having such an impairment." 42 U.S.C. § 12102(2)(A)-(C). In addition, to state a claim under Title II of the ADA, Mr. Sizemore must allege that "with or without reasonable modifications to rules, policies, or practices...[he met] the essential eligibility requirements for the receipt of services or participation in programs or activities provided by a public entity" and was denied the service or benefit "by reason of such disability." 42 U.S.C.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

§12131(2).

Title II of the ADA, by its terms, protects certain disabled individuals only from discrimination by a "public entity." 42 U.S.C. § 12132.  A "public entity" is defined by statute as "any State or local government."  42 U.S.C. § 12131(1)(A).  While Oriana House may arguably be considered to be a public entity, Mr. Sizemore also brings his ADA claim against Steve Predojev, Mary Jones, and various John and Jane Does.  There is no personal liability under Title II of the ADA.  Crumbaker v. McLean County Kentucky, No. 02-5110, 2002 WL 1359364 at *2 (6th Cir. June 20, 2002)(citing Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000)); Moore v. Chavez, Nos. 01-1553, 01-2308, 2002 WL 467939 at *2 (6th Cir. Mar. 26, 2002).  The ADA claims against these individuals must be dismissed.

## 42 U.S.C. § 1983

Mr. Sizemore also brings claims under 42 U.S.C. § 1983 claiming the defendants violated his First, Fifth, Eighth and Fourteenth Amendment rights.  To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).  While Mr. Sizemore may arguably have stated a viable claim for retaliation in violation of the First Amendment, the same cannot be said for the remainder of his § 1983 claims.

Mr. Sizemore provides no explanation of his claim arising under the Fifth and Fourteenth Amendments.  They are stated merely as legal conclusions.  Legal conclusions alone, however, are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.

1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Finally, Mr. Sizemore's Eighth Amendment claim must also be dismissed. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id.. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1,8 (1992). An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. Wilson, 501 U.S. at 298; see also Hudson, 503 U.S. at 8; Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir.1996). Routine discomforts of prison life do not suffice. Hudson, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Plaintiff has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny.

**Civil Rights of Institutionalized Persons Act**

Finally, Mr. Sizemore fails to identify a claim he may have under CRIPA, 42 U.S.C. §1997. This statute generally permits the United States Attorney General to bring suit against the prison or state for deplorable conditions in prisons. Sections1997a-c set forth the parameters of the Attorney General's authority to bring suit. Section 1997e requires prisoners who bring suit on their own behalf to exhaust all administrative remedies prior to bringing their action in federal court. Sections 1997f through 1997h concern reporting to Congress and appropriation of funds. The only

portion of this statute that appears to be remotely applicable to the present case is found in §1997i, which merely states that the statute does not expand or detract from any private suit the inmate may bring against the prison under another provision. Because Mr. Sizemore is not the Attorney General of the United States, 42 U.S.C. § 1997 does not provide him with a cause of action to file suit.

## **Conclusion**

Accordingly, Mr. Sizemore's Application to Proceed In Forma Pauperis is granted. His ADA claims against Steve Predojev, Mary H. Jones, and the John and Jane Doe defendants, his claims for violations of the Fifth, Eighth and Fourteenth Amendments, and his claims for violations of 42 U.S.C. § 1997 are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This case shall proceed solely on Mr. Sizemore's ADA claim against Oriana House and his First Amendment claim against all of the defendants. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. **The Clerk's Office shall include a copy of this order in the documents to be served upon the defendants.**

IT IS SO ORDERED.

 S/John R. Adams   March 28, 2007
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.